Board of Tax and Land Appeals
No. 2007-215

APPEAL OF KAT PAW ACRES TRUST
(New Hampshire Board of Tax and Land Appeals)

Argued: October 18, 2007
Opinion Issued: December 7, 2007

*Disabilities Rights Center, Inc.,* of Concord (*Rosemary Wiant* on the brief, and *C. Adrienne Mallinson* orally), for the plaintiff.

*Gardner Fulton & Waugh PLLC,* of Lebanon (*Adele M. Fulton* on the brief and orally), for the defendant.

HICKS, J. The plaintiff, the Kat Paw Acres Trust (trust), appeals a decision of the New Hampshire Board of Tax and Land Appeals (BTLA) denying tax exemptions for improvements to assist persons with disabilities. *See* RSA 72:37-a (2003). We affirm.

The record supports the following facts. The trust owns a single family home in Wentworth. On February 24, 2003, the trust filed an application with the defendant, the Town of Wentworth (town), for improvements to assist persons with disabilities pursuant to RSA 72:37-a. For the 2004 tax year, the town granted partial exemptions for a paved driveway and air conditioning, which was consistent with the town's tax assessment of the trust's property in previous tax years, but denied exemptions sought for a mudroom, hallway to an in-law apartment, the in-law apartment itself and related plumbing. The trust appealed to the BTLA.

For tax year 2005, the town issued the same assessment and the trust again appealed. The BTLA consolidated the appeals.

After an evidentiary hearing, the BTLA affirmed. In its ruling, the BTLA recognized that the trustees of the trust, including one who has chronic, progressive multiple sclerosis, suffer from serious and debilitating medical conditions. However, it ruled that the test for the exemption under RSA 72:37-a is not whether a person has one or more disabilities, but whether the disability includes a "physical defect or infirmity that permanently requires the use of special aids to enable him to propel himself." (Quotation and brackets omitted.) In applying this test, the BTLA found that the trust did not meet its burden of proving entitlement

to the tax exemption for those improvements unnecessary for propulsion. The trust's motion for rehearing was denied.

Appeals from BTLA decisions are governed by RSA chapter 541 (2007). *Appeal of Town of Wolfeboro*, 152 N.H. 455, 458 (2005). Findings of fact made by the BTLA are deemed *prima facie* lawful and reasonable. *Id.* "This presumption may be overcome only by a showing that there was no evidence from which the [BTLA] could conclude as it did." *Appeal of Huston*, 150 N.H. 410, 411 (2003). To prevail, the trust must show by a preponderance of the evidence that the BTLA's decision was clearly unreasonable or unlawful. *See Wolfeboro*, 152 N.H. at 458.

Resolution of this appeal requires us to construe RSA 72:37-a, which provides, in relevant part:

> I. In this section:
>
> > (a) "Person with a disability" means a person who by reason of a physical defect or infirmity *permanently requires the use of special aids to enable him to propel himself.*
> >
> > . . . .
>
> II. Every owner of residential real estate upon which he resides, and to which he has *made improvements for the purpose of assisting a person with a disability who also resides on such real estate,* is each year entitled to an exemption from the assessed value, for property tax purposes, upon such residential real estate determined by deducting the value of such improvements from the assessed value of the residential real estate before determining the taxes upon such real estate.

RSA 72:37-a (emphasis added).

In matters of statutory interpretation, we are the final arbiters of the legislative intent as expressed in the words of the statute considered as a whole. *ElderTrust of Fla. v. Town of Epsom*, 154 N.H. 693, 697 (2007). When examining the language of the statute, we will ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language the legislature did not see fit to include. *Id.* "As we examine the language, we do not merely look at isolated words or phrases, but instead we consider the statute as a whole." *Pennelli v. Town of Pelham*, 148 N.H. 365, 366 (2002) (quotation omitted). "In so doing, we are better able to discern the legislature's intent, and therefore better able to understand the statutory language in light of the policy

sought to be advanced by the entire statutory scheme." *Id.* (quotation omitted).

On appeal, the trust argues, *inter alia*, that the BTLA misinterpreted RSA 72:37-a, II by ruling that the exemption applies only to property improvements that assist persons with a disability on a permanent basis to propel themselves in their homes. The BTLA specifically stated that not all improvements that assist a disabled person are exempt; only improvements necessary to propel individuals who permanently require the use of such special aids qualify for the exemption. The trust argues that RSA 72:37-a, II exempts any improvements that generally assist an individual with a mobility disability; it contends that the improvements need not assist a person with propulsion within the home in order to qualify for the exemption. The trust contends that a "person with a disability" as defined in RSA 72:37-a, I, only describes individuals to whom the statute applies and should not be read into paragraph II of the statute. We disagree.

In both its brief and at oral argument, the trust conceded that an improvement must relate to a mobility disability to qualify for the exemption under RSA 72:37-a. However, it argues that the statute is not limited to improvements that directly assist a person with propulsion. We conclude however, that RSA 72:37-a does not exempt all improvements that may assist, or make more comfortable, persons who have a mobility disability.

RSA 72:37-a, I, defines a "[p]erson with a disability" as someone "who by reason of a physical defect or infirmity permanently requires the use of special aids to enable him to propel himself." RSA 72:37-a, II uses the term "person with a disability" in describing the improvements that are exempt from taxation. The fact that "propel" is used to define a "person with a disability" leads us to conclude that only improvements that assist a person with a disability with propulsion are exempt from taxation. We construe the second paragraph in conjunction with the first to effectuate the statute's overall purpose. *See Appeal of Town of Newington*, 149 N.H. 347, 352 (2003). Accordingly, we conclude that "improvements for the purpose of assisting a person with a disability" must, at a minimum, assist a person with a disability in propelling himself/herself. The BTLA found that the mudroom, hallway, in-law apartment and related plumbing did not assist with propulsion. There was sufficient evidence before the

BTLA to support this finding. Because the BTLA's decision was neither unreasonable nor unlawful, we affirm.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.